21-6521
Singh-Kaur v. Garland

BIA
Nelson, IJ
A200 892 343

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of January, two thousand twenty-four.

PRESENT:
   SUSAN L. CARNEY,
   WILLIAM J. NARDINI,
   EUNICE C. LEE,
    *Circuit Judges.*
_____

KULJEET SINGH-KAUR,
    *Petitioner*,

  v.            **21-6521**

                 NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
    *Respondent.*
_____

**FOR PETITIONER:**           Jaspreet Singh, Esq., Richmond Hill, NY.

**FOR RESPONDENT:**           Brian Boynton, Principal Deputy Assistant
                              Attorney General; Jessica A. Dawgert, Senior
                              Litigation Counsel; Alanna Thanh Duong,
                              Trial Attorney, Office of Immigration
                              Litigation, United States Department of
                              Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Kuljeet Singh-Kaur, a native and citizen of India, seeks review of a September 16, 2021 decision of the BIA affirming a September 20, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kuljeet Singh-Kaur*, No. A200 892 343 (B.I.A. Sept. 16, 2021), *aff'g* No. A200 892 343 (Immigr. Ct. N.Y.C. Sept. 20, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision, including the portions not explicitly discussed by the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review the agency's adverse credibility determination "under the

2

substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the inherent plausibility of the applicant's . . . account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility

3

ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Singh-Kaur was not credible as to his claim that members of a Muslim terrorist group threatened and attacked him twice because of his Sikh proselytizing and activities supporting the People's Democratic Party ("PDP").

As an initial matter, we give "particular deference" to the IJ's demeanor finding because the IJ is "in the best position to evaluate whether apparent problems in the . . . testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question." *Li Hua Lin v. U.S. Dep't of Just.*, 453 F.3d 99, 109 (2d Cir. 2006) (quoting *Jin Chen v. U.S. Dep't of Just.*, 426 F.3d 104, 113 (2d Cir. 2005)). Moreover, the record reflects instances where the IJ contemporaneously noted that Singh-Kaur paused or where he was hesitant or evasive, including when he was asked why he omitted certain information from his written statement, and Singh-Kaur testified that he tried to match his application to answers he gave at earlier interviews, but he never explained why he chose not to add detail. And, contrary to Singh-Kaur's argument here, the record reflects that he confirmed that he understood the

4

interpreter.

Next, the IJ's inconsistency findings are supported by the record. First, Singh-Kaur's testimony was both internally inconsistent and inconsistent with his written statement regarding whether his attackers spoke to him during the first alleged assault. When confronted with this inconsistency, he explained that his testimony had been a "mistake," and that he had "wanted to tell . . . the complete thing." The agency was not required to accept those explanations because Singh-Kaur expressly denied that the attackers said anything to him. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Second, Singh-Kaur testified to a more serious second attack than what was reflected in his application. His application said "two terrorists . . . slapped me and beat me." On direct examination he testified, "They hit me with the rifles, with the punches, with the, the kicks, they kicked me." And on cross-examination, he added that they threatened to kill him. We recognize that being

"beaten" could encompass being hit with rifles and kicked. *See Gurung v. Barr*, 929 F.3d 56, 61 (2d Cir. 2019) ("Credibility should not be questioned based on trivial differences in word choices alone."). However, the record here supports the IJ's interpretation because Singh-Kaur expressly described being hit with a rifle in his written description of the first assault, then left it out just one paragraph later in his description of the second assault. *See Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007) ("So long as there is a basis in the evidence for a challenged inference, we do not question whether a different inference was available or more likely.").

The IJ also relied on omissions. Singh-Kaur testified that he received treatment at a medical center after both attacks, but he did not mention medical treatment in his application. He argues that he omitted this information from his written statement because he believed that his application should match his credible fear interview where he was not asked about medical treatment. The agency was not required to accept this explanation, which—as the IJ observed—suggested that Singh-Kaur was consciously attempting to conform his statements to each other (rather than accurately relay past events). *See Majidi*, 430 F.3d at 80.

This omission is less probative than either a direct inconsistency or an omission related directly to the persecution, rather than its aftermath. *See Hong Fei Gao*, 891 F.3d at 77–81. However, we find no error in the agency's consideration of the omission where, as here, the agency considered it cumulatively with other minor inconsistencies and omissions. *See Xiu Xia Lin*, 534 F.3d at 167.

The agency also reasonably relied on a lack of detail in a supporting letter from the leader of the PDP. Singh-Kaur introduced a PDP party member's letter as corroboration, claiming that the author had knowledge of his attacks, but the letter states that Singh-Kaur "was slapped by the terrorists" and threatened. The letter does not describe either attack or confirm the more serious beatings that Singh-Kaur testified to. Singh-Kaur argues that the IJ erred in relying on omissions from the letter because its purpose was only to corroborate his PDP membership, the threats he was receiving, and why he was still in danger. This argument is not compelling because Singh-Kaur testified that he told the author about the full circumstances of the attacks, and the details included in the letter are less significant than the ones that were omitted. *See Hong Fei Gao*, 891 F.3d at 77–78 (explaining that not all omissions or inconsistencies hold the same weight,

7

and the omission of a fact is more probative when "the witness would reasonably have been expected to disclose" said fact).   Moreover, the letter supports the adverse credibility determination because it fails to corroborate the details or the testimony that Singh-Kaur was subject to multiple attacks: "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."   *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).   Apart from this vague letter, there is no evidence of the alleged attacks beyond Singh-Kaur's own statements.

Finally, the IJ found Singh-Kaur's testimony about his inability to relocate to Delhi implausible, calling his assertion that authorities in Delhi would cooperate with Muslim militants from Jammu "nonsense."   Singh-Kaur has abandoned any challenge to the implausibility finding by failing to challenge it in his brief.   *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005) (deeming a claim abandoned where it was not discussed in the opening brief). This unchallenged finding lends further support to the adverse credibility determination.   *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146–47 (2d Cir. 2008)

8

(noting that waived issues could support adverse credibility determination). Moreover, the finding is reasonable given country conditions evidence of police actions against Muslim terrorists. *See Siewe*, 480 F.3d at 168–69 (holding that an agency may rely on an implausibility that is based on "speculation that inheres in inference . . . if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience").

Taken together, the demeanor finding, the inconsistencies and omissions, the implausible testimony, and the lack of corroboration provide substantial evidence for the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167; *see also Hong Fei Gao*, 891 F.3d at 77 (noting that agency may rely on "cumulative effect" of minor discrepancies). The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same facts. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court